UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NEGIN NASIRI KENARI,

Plaintiff,

v.

VONS COMPANIES INC.,

Defendant.

Case No.: 26-cv-01630-BJC-JLB

**ORDER GRANTING AMENDED JOINT MOTION FOR PROTECTIVE ORDER**

**[ECF Nos. 19, 21]**

Before the Court is an Amended Joint Motion for Protective Order ("Amended Joint Motion") (ECF No. 21). Good cause appearing, the Joint motion is **GRANTED**, and the following Protective Order is entered:[1]

**PROTECTIVE ORDER**

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for

[1] The Joint Motion for Protective Order ("Joint Motion") (ECF No. 19) is **DENIED** as **MOOT**, as the relief requested is duplicative of that sought in the parties' Amended Joint Motion.

competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this Action.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information concerning third parties, trade secret or other confidential research, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories and requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models, prototypes, and other physical objects.

3. "Counsel" means the attorneys of record representing each party in this case or any case officially related to this Action, including, *Kenari v. United Food and Commercial Workers Union*, U.S. District Court, Southern District of California (San Diego), Case No. 3:26-CV-01772, filed March 20, 2026, which was related to this Action

on April 13, 2026 (hereinafter "Related Case(s)"), including other attorneys in the same law firm, paralegals, secretaries, and support staff. "Counsel" also includes in-house attorneys for a party and their legal support staff.

4. "Plaintiff" means Plaintiff Negin Nasiri Kenari, representing herself pro se. Plaintiff must comply with the same confidentiality obligations imposed on counsel under this Order.

GENERAL RULES

5. Each party to this litigation that produces or discloses any materials, answers to interrogatories and requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL."

a. Designation as "CONFIDENTIAL": A party or non-party subject to this Order may only designate documents or other information in this action as "CONFIDENTIAL" if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

6. When Confidential Information is discussed or revealed in a deposition:

a. The party asserting confidentiality should, when possible, state on the record which portions are confidential. If designation is not made on the record, the party may still designate portions of the transcript as confidential within fourteen (14) calendar days after receiving the written transcript of the deposition, by labeling the specific portions as "CONFIDENTIAL."

b. The original deposition transcript and all copies must be marked "CONFIDENTIAL." Any transcript or copy submitted to the Court must be filed under seal (meaning it is not viewable by the public) in accordance with paragraph 14 below.

7. All information designated as "CONFIDENTIAL" must not be disclosed by

the receiving party to anyone other than those persons permitted under this Order as set forth in Paragraph 8 below. All such Confidential Information must be handled in the manner set forth below and must not be used for any purpose other than in connection with this litigation or any Related Case(s), unless and until the designation is removed either by written agreement of the Parties or by court order. Plaintiff must follow the same restrictions that would normally apply to attorneys, including not sharing the materials online, on social media, with family, friends, or anyone not expressly permitted by this Order.

8. Information designated "CONFIDENTIAL" can only be viewed by the following individuals:

a. Counsel (as defined in paragraph 3) of the receiving party or representing any party in connection with any Related Case(s);
b. Executives of Defendant who are required to participate in policy decisions with reference to this Action;
c. Plaintiff (representing herself in pro se);
d. Court personnel in this Action or any Related Case(s) provided that the document is filed under seal in accordance with paragraph 14 below;
e. Any person identified on the face of the document as an originator, author or a recipient of the document, may be shown the same; and
f. Retained experts in this Action or any Related Case(s), however, the right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential

information must be made in writing within fourteen (14) calendar days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen-day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9. All information designated as "CONFIDENTIAL," and all reproductions of such information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3. Plaintiff must personally retain custody of all confidential information and must store it in a secure manner that prevents access by anyone not permitted under this Order. Independent experts authorized under this Order (pursuant to paragraph 8(e)) may retain only those copies necessary for their participation in this litigation.

PROHIBITION OF UPLOADING CONFIDENTIAL INFORMATION TO OPEN AI SOURCES

10. No party, including a self-represented party (e.g. Plaintiff), counsel, staff member, expert, or any other person permitted under this Order to access Confidential Information, may submit, upload, store, transmit, or otherwise provide Confidential Information to any "Open Generative AI tool." An "Open Generative AI tool" is one that is openly accessible to the public. Examples include but are not limited to the public (or free) versions of ChatGPT, Google's Gemini, Meta's Llama, X's Grok, Stable Diffusion, and Hugging Face. Providing confidential information to an "Open Generative AI tool" is deemed disclosure to a third party under this Order and is subject to the notification and mitigation obligations set forth in paragraph 13 of this Order.

11. A "Closed Generative AI tool" is one with access restricted to employees or authorized users within the user's enterprise, such as a tool that the user owns or licenses or that is otherwise not available to the general public. Confidential Information may be submitted to a "Closed Generative AI tool" only if the user ensures that the Generative AI tool's settings:

a. Prevent the tool from disclosing Confidential Information to any third party, including without limitation other users or developers of the Generative AI tool;

b. Prevent the tool from learning from, storing, or using the confidential information to fine-tune itself or for any purpose beyond use in this litigation as permitted under this Order; and

c. Allow for the deletion or destruction of any confidential information supplied to it or contained in responses generated by it.

12. Providing Confidential Information to a "Closed Generative AI tool" that cannot be configured to satisfy the requirements above is considered disclosure to a third party under this Order. Any such disclosure is subject to the notification and mitigation obligations set forth in paragraph 18 of this Order.

FILING OF CONFIDENTIAL INFORMATION UNDER SEAL

13. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL" are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

14. Any party seeking to file documents under seal must comply with the procedures set forth in the ECF Manual. **Parties should not seek to file under seal entire pleadings, or entire attachments, unless the party can establish that the entire document satisfies the standard for sealing.**

Unless the entire document satisfies the standard for sealing, a redacted version of the document must be publicly filed on the docket with only those portions of the document appropriately subject to filing under seal redacted. An application to file under seal should specifically address the factual and legal basis for sealing each proposed redaction.

The party shall lodge the unredacted version of any filing in accordance with the ECF Manual.

If a party is seeking to file a document that contains information designated as "CONFIDENTIAL" by another party, the filing party must reach out to the designating party in advance of filing the application to file under seal to obtain from the designating party the legal basis for the confidential designation. The filing party must include the legal basis in the application to file under seal. If any party opposes the application to file under seal, that party must, **within one court day**, contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

OBJECTIONS TO DESIGNATIONS

15. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting must notify, in writing, counsel for the designating party of the materials at issue and the grounds for objection. In accordance with Judge Burkhardt's Civil Chamber Rules and Civil Local Rule 26.1(a), the Parties must meet and confer in person or by telephone within 14 days of the notice of the dispute. If the Parties do not resolve the dispute within thirty (30) days of the written notice, the Parties must file a Joint Discovery Statement (the specifics of which are set forth in Judge Burkhardt's Civil Chamber Rules). However, the materials must continue to be treated as "CONFIDENTIAL" as designated, until the Court rules or the Parties otherwise agree.

OBLIGATION TO MAINTAIN CONFIDENTIAL INFORMATION IN CONFIDENCE

16. All Confidential Information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Plaintiff and Counsel for each party must take reasonable precautions to prevent unauthorized or inadvertent disclosure. If Confidential Information is disclosed to any person not authorized under this Order, the party responsible for the disclosure must immediately notify the other parties of all pertinent facts and, without prejudice to any rights and remedies of the other parties, must take all reasonable steps to prevent further disclosure.

17. No party will be responsible to another party for disclosure of Confidential

Information under this Order if the information in question is not labeled or otherwise identified as "CONFIDENTIAL" in accordance with this Order.

18. If a party, through inadvertence, produces any Confidential Information without labeling, marking, or otherwise designating it in accordance with this Order, the designating party may give **written notice** to the receiving party that the document or thing produced is deemed "CONFIDENTIAL" and must be treated as confidential in accordance with this Order. Once this written notice is given, the receiving party must treat the materials as "CONFIDENTIAL." If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

DESTRUCTION OF CONFIDENTIAL MATERIALS AT CONCLUSION OF ACTION

19. Upon final termination of this action, including any and all appeals, Counsel for each party must, upon request of the producing party, return all confidential information to the producing party, including any copies, excerpts, and summaries, or must destroy such materials at the option of the receiving party, and must remove all such information from any machine-readable media. Notwithstanding the foregoing, counsel for each party may retain pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will remain bound by this Order with respect to such materials. Attorney work product materials that contain confidential information need not be destroyed; however, any attorney retaining such work product will continue to be bound by this Order.

20. Upon final termination of this action, including any and all appeals, Plaintiff must ensure that all Confidential Information is permanently deleted from every location in which it exists, including but not limited to computers, laptops, tablets, mobile phones, email accounts, cloud storage services (such as Google Drive, iCloud, Dropbox, OneDrive, or similar services), external hard drives, USB flash drives, SD cards, and any other electronic devices or storage systems. Plaintiff must also ensure that any printed copies, handwritten notes, saved screenshots, downloaded files, or other physical or digital

reproductions are destroyed. Nothing in this Order shall require Plaintiff to destroy or delete Confidential Information that is reasonably necessary to preserve evidence for any Related Case(s), provided that such Confidential Information remains subject to the confidentiality obligations of this Order unless otherwise ordered by a court. However, upon conclusion of any Related Case(s), Plaintiff agrees to ensure that all Confidential Information is permanently deleted as provided in this section.

## OTHER PROVISIONS

21. The Parties agree that they may disclose "CONFIDENTIAL" or non-confidential information, including discovery responses, obtained in this Action to Parties in any Related Case(s), including other Parties' attorneys in the same law firm, paralegals, secretaries, and support staff, and counsel in this Action may attend depositions taken in Related Case(s).

22. Nothing in this Order will prejudice the right of any party to object to the production of any discovery material on any proper ground, including that the material is privileged, protected attorney work product, irrelevant, or otherwise discoverable only in part or not at all. The mere fact that the information has been designated as "CONFIDENTIAL" under this Order may not be used as a basis for seeking discovery of that information, if it is improper under the Federal Rules of Civil Procedure.

23. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course of doing so, relying upon information designated as confidential, provided that the contents of the Confidential Information are not disclosed to unauthorized persons. Plaintiff may similarly rely on Confidential Information for purposes of preparing or presenting their case, but may not disclose the contents of such information to anyone not permitted under this Order.

24. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

25. Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the Parties understand that the Court will destroy any confidential documents in its possession.

26. The restrictions and obligations set forth within this Order will not apply to any information that:

a. the Parties agree should not be designated Confidential Information;

b. the Parties agree, or the Court rules, is already public knowledge;

c. the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

d. has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

Plaintiff understands she is subject to these same limitations and may not treat this exception as permission to show Confidential Information to individuals who do not already have lawful possession of that information.

27. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

28. Transmission of notifications or designations by email or by any other commonly used method of electronic transmission is acceptable for all purposes under this Order.

29. This Order may be modified by agreement of the Parties, subject to approval by the Court.

30. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

///

31. Without separate court order, this Order and the Parties' stipulation do not change, amend, or circumvent any court rule or Local Rule.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________ (name), of ________________________________ (address), declare under penalty of perjury I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Southern District of California on _________________________ (date), in the case of *Negin Nasiri Kenari v. Vons Companies Inc.*, Case No. 3:26-cv-01630-BJC-JLB. I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name:

Signature:

Date: